## CULWELL VS FRANKS.

### Opinion delivered October 4, 1901.

*1.   Habeas Corpus—Divorce Decree—Collateral Attack.*

> Where a decree of divorce awards the custody of a child to one
> of the parties to the divorce proceedings, the proper method
> to secure a different disposition of the custody of the child is
> by application for a modification of the decree, and not by
> habeas corpus proceedings; for the divorce decree cannot be
> thus collaterally attacked.

Appeal from the United States Court for the Northern District.

JOHN R. THOMAS, Judge.

Habeas corpus by John Culwell against Lilly R. Franks. Judgment denying the writ. Complainant appeals Affirmed.

In this case the appellant sued out a writ of habeas corpus against the appellee to recover the custody of one Irvin J. Culwell, the infant child of appellant and appellee. The parties had been divorced from each other by a decree of the court in which this proceeding was instituted, and the custody of the child had been awarded to the mother. This decree has never been set aside or modified. At the hearing the court denied the writ, and held that neither the petitioner nor respondent were proper persons to have the care and control of the child, and it is stated in the transcript that the bench docket contains the following notation: "That the care and custody of said infant and his property be awarded to his grandfather Chas. H. Franks, when he shall have been appointed guardian," etc. Exceptions were saved by appellant, appeal prayed for and granted.

*James S. Davenport* and *William M. Hall*, for appellant.

*William T. Hutchings* and *Preston C. West*, for appellee.

CLAYTON, J.   It is contended by the appellant that the father is the natural guardian of his minor children. While this is true as an original proposition, yet in this case that right was taken away from him by the decree of the court in the divorce proceeding, and the custody was awarded to the mother.   The decree of divorce was rendered by the very court in which this proceeding is had, and it had not been set aside nor modified. · Decrees of divorce, in so far as the custody of children and alimony is concerned, are always subject to modification by the chancellor, if future developments shall render a change necessary.   2 Bish. Mar. & Div. 1167; Kurtz vs Kurtz, 38 Ark. 119; Holt vs Holt, 42 Ark. 495.    And until this is done the mother is the legal custodian of the child.   The decree of the court granting the divorce and awarding the custody of the child cannot be attacked in a collateral way, and the proper proceeding would have been by application to the chancellor for a modification of the decree.   The court, therefore, did not err in refusing the writ.   Let the judgment of the court below be  affirmed.

TOWNSEND, C. J., and GILL and RAYMOND, JJ., concur.