IN RE ESTATE OF HERMAN RUSCH.

HERMINE MUCHOW, GUARDIAN, APPELLANT, V. ANNA KATZ, ADMINISTRATRIX, APPELLEE.

FILED MAY 6, 1911.　No. 16,417.

Courts: JURISDICTION: ALLOWANCE FOR MAINTENANCE OF CHILD.　Where the district court grants a divorce to a wife, commits to her the custody of a minor child, and requires the husband to pay a fixed sum for the child's maintenance during minority, the county court, after the death of the husband, has no authority, in passing on a claim against decedent's estate for an additional allowance for the same purpose, to increase the amount fixed by the decree of the district court, as long as it remains unchanged.

APPEAL from the district court for Johnson county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*Oscar Douglas* and *Hugh La Master,* for appellant.

*S. P. Davidson, contra.*

ROSE, J.

This is a controversy over the allowance of a 2,000-dollar claim against the estate of Herman Rusch, deceased, for the support of his infant daughter, Emma E. Rusch. The claim was filed in the county court of Johnson county by the infant's mother and guardian, Hermine Muchow, formerly Hermine Rusch, the parents having been divorced. Objections were filed by Anna Katz, administratrix of decedent's estate. The county court allowed the claim to the extent of $500, and the administratrix appealed to the district court, the guardian's petition therein stating, in substance: Since November 8, 1908, plaintiff has been the duly appointed and acting guardian of Emma E. Rusch, a minor ten years of age. Decedent and plaintiff were husband and wife from December, 1896, to July 14, 1906. The minor named is their daughter. In the district court for Johnson county plaintiff, on the ground of extreme cruelty,

obtained a divorce. Under the decree of separation, the custody, control and care of the child were committed to plaintiff, who was allowed $1,000 for her support during her minority. The decree is now in full force and effect. Herman Rusch died in Johnson county, May 17, 1907, leaving a will by which he attempted to give all of his property to his five other children, nothing being left to his infant daughter Emma E. Rusch, though he had at the time of his death property of the value of $30,000 above all debts and incumbrances. Since the divorce was granted, it has cost upwards of $3.50 a week to properly board, clothe, educate and maintain the ward, as her station in life requires. From the date of the filing of plaintiff's claim until the ward arrives at her majority, it will require upwards of $4 a week to properly support and maintain her. No provision has been made for her support and maintenance, except the $1,000 mentioned, a considerable portion of which has already been used. The amount remaining is wholly insufficient for the purposes stated, and it will require at least $2,000 more. There is a prayer for the allowance of the claim in full. A demurrer to the petition was sustained, and from a judgment of dismissal plaintiff has appealed.

The demurrer raises the point that the subject matter of plaintiff's claim was within the jurisdiction of the district court in the divorce case, and that consequently it could not be adjudicated by the county court, nor taken to the district court by appeal. The sum of plaintiff's argument on this question seems to be: The defendant in the divorce case is dead and the cause cannot be revived against his estate. The claim for an additional amount for the support of the ward was not adjudicated therein and may be allowed at any time. It is the duty of a father to support his minor child after his wife procures a divorce on the ground of extreme cruelty. Since the death of the ward's father, the settlement of his estate, including plaintiff's claim, has been a matter within the exclusive jurisdiction of the county court, under the constitutional

provision that "county courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlements of estate of deceased persons, appointment of guardians, and settlement of their accounts." Const. art. VI, sec. 16. In support of this argument *Eldred v. Eldred*, 62 Neb. 613, is cited. The rules therein announced are: "A decree of divorce obtained by a wife upon service by publication, without appearance of defendant, in a foreign state, is a bar to an action for alimony in this state, to be awarded out of his property here;" and "the fact that the marriage relation is dissolved does not relieve the father of the duty to support his minor children, and will not defeat an action therefor." In the case cited, however, the court, when severing the marriage relation in the divorce suit, made no provision for the support of the minor child. That decision, therefore, does not control here.

In the present case the validity of the decree granting the divorce and making an allowance for the support of plaintiff's ward is unquestioned. Both of these matters were within the original jurisdiction of the district court in the divorce case. The statute provides: "Upon pronouncing a sentence or decree of nullity of a marriage, and also upon decreeing a divorce, whether from the bonds of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper concerning the care, custody, and maintenance of the minor children of the parties, and may determine with which of the parents the children or any of them shall remain.

"The court may from time to time, afterwards, on the petition of either of the parents, revive and alter such decree concerning the care, custody, and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children shall require.

"Upon every divorce from the bonds of matrimony * * * if the estate and effects restored or awarded to the wife shall be insufficient for the suitable support and

maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate as it shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties and all other circumstances of the case." Comp St. 1909, ch. 25, secs. 15, 16, 22.

It thus appears that the district court not only had jurisdiction to make full provision for the care, custody and maintenance of the child, but in acting within that jurisdiction retained power to revive and alter the decree to meet changing circumstances and conditions. In the legitimate exercise of its authority the district court assumed jurisdiction over the entire subject of maintenance before decedent left any estate to settle in the county court. This jurisdiction was not lost by the death of a party to the suit. It is a familiar rule that, where a court of equity has acquired jurisdiction of a cause for any purpose, it may retain it for all purposes. The county court, by passing on a claim against decedent's estate for the ward's support, cannot deprive the district court of its jurisdiction to amend its own decree fixing the amount necessary for that purpose. The district court allowed $1,000 for the support of the ward during her minority, and part of it has not been used. On the assumption that an allowance is grossly excessive under changed conditions, could the county court, in settling decedent's estate, order the guardian to turn a portion of the unexpended balance over to the administratrix without a modification of the decree? Reasons for an affirmative answer are not apparent, nor is the authority of the county court to increase the allowance any more evident. To do either would be to modify in a collateral proceeding the decree of a court of superior jurisdiction. The law has created no such anomaly.

It is insisted by plaintiff, however, that she is without a forum, if she cannot obtain redress in the county court,

because the statute, so she asserts, provides no way to revive the decree of divorce after the death of the husband. This argument is not persuasive. The decree relates to both divorce and maintenance. Revivor as to the latter subject alone is necessary. The divorce would not be disturbed. The statute quoted expressly provides that the court, from time to time, may revive and alter the decree "concerning the care, custody and maintenance of the children." As to maintenance the decree is subject to change. It may bind the father while he is living and his estate when he is dead. The obligation of a father to support his helpless offspring may survive both divorce and death. *Miller v. Miller,* 64 Me. 484; *Seibly v. Person,* 105 Mich. 584.

The trial court properly sustained the demurrer, and the judgment is

AFFIRMED.