STATE, EX REL. MAY WOOKEY, APPELLEE, v. OWNIE L. ELIFRITZ, APPELLANT.

FILED NOVEMBER 17, 1916. No. 18984.

1. **Divorce:** CUSTODY OF CHILDREN: DECREE: EFFECT. Where, upon granting a divorce, the court in its judgment assigns the custody of the children to one of the parties, such disposition will control until the judgment making it is modified by the court upon proper application, and cannot be disregarded in a subsequent proceeding by habeas corpus to obtain possession of the children.

2. **Habeas Corpus:** CUSTODY OF CHILDREN. In a proceeding in habeas corpus to obtain the custody of minor children, if it appears that when the application for the writ was made the children were not detained by the respondent, but were in the custody and control of the juvenile court, no judgment should be rendered against him.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed and dismissed.*

*Frederick Shepherd,* for appellant.

*Adams & Jeary, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Lancaster county in a habeas corpus proceeding brought, on the relation of one May Wookey, to obtain the custody of Valda and Oreta Elifritz, minor daughters of the relator and respondent, Ownie L. (sometimes called Joy) Elifritz.

The record discloses that the relator and respondent were divorced by a decree of the district court for Nuckolls county rendered on February 8, 1913, in which the relator herein was plaintiff and the respondent herein was the defendant. The decree gave the custody of the children to the father, and the district court retained control of them for further orders, in compliance with section 1578, Rev. St. 1913.

It appears that, after the expiration of six months from the date of the decree, respondent was married to a Miss Fairbanks, with whom he is living as a present wife; and the relator, about the same time, was married to one Wookey, with whom she was residing at the home of his father near Fairbury at the time when this cause was tried.

It also appears from the record that the foregoing decree of divorce remains in full force and effect, is unreversed and unmodified, and no appeal was taken therefrom. It is thus shown by this collateral proceeding that the trial court in effect partly set aside and held for naught the decree of the district court for Nuckolls county, and changed the custody of the children named in that decree from the father, who was without fault, to the custody of the relator, who was found by that decree to be unfit to have the care and custody of them.

It is contended by the respondent that this was reversible error; that the district court of one county should

100 Neb.—21

give full faith and credit to the decrees of the district courts of other counties until they are set aside in proper proceedings, and that such proceedings is not habeas corpus.

In *Hoffman v. Hoffman*, 15 Ohio St. 427, it was said: "Where a court of common pleas, on rendering a decree of divorce, further decree the 'custody, care, and control' of the minor children of the marriage to one of the parties, a probate court, while such decree remains in force, cannot, as between the parties to the decree, legally interfere with the custody so decreed, either by habeas corpus or letters of guardianship."

"Where, upon granting a divorce, the court, in its judgment, assigns the custody of the children to one of the parties, such disposition of the children will control, until the judgment making it is modified by the court, upon proper application, and cannot be disregarded in a subsequent proceeding by habeas corpus, to obtain possession of the children." *Williams v. Williams*, 13 Ind. 523. *Sullivan v. Learned*, 49 Ind. 252.

In *Jennings v. Jennings*, 56 Ia. 288, it is said: "Where the decree in an action for divorce awards the custody of a child to one parent, it cannot be transferred to the other in a collateral action, but only by a change in the decree, obtained by direct proceedings for that purpose."

In *McNees v. McNees*, 30 S. W. 207 (97 Ky. 152), it was held: "An action by a divorced wife against her former husband, to recover for the care of a child given into her custody by the order granting the divorce, should be brought in the court in which such order was made."

In *Karren v. Karren*, 25 Utah, 87, it was held: "Subsequent changes may be made in a decree for divorce in respect to the disposal of the children or the distribution of the property. *Held*, that such changes can only be granted in the action in which the divorce decree was granted."

In *Leming v. Sale*, 128 Ind. 317, it was held: "The decree in a divorce suit awarding the custody of a child to

one of the parties, fixes the status of the child as between the parties until modified or set aside for cause shown by some subsequent, or supplemental, proceeding in the same cause."

Other authorities to the same effect are *Culwell v. Franks,* 3 Ind. T. 548; *Jordan v. Jordan,* 4 Tex. Civ. App. 559; 14 Cyc. 810; *Lee v. People,* 53 Colo. 507; *Norval v. Zinsmaster,* 57 Neb. 158; *Eckhard v. Eckhard,* 29 Neb. 457.

While there may be some isolated cases holding to the contrary, we are of the opinion that the views expressed in the foregoing cases from which excerpts have been given are correct.

It is contended on the part of the relator that there has been such a change in conditions since the rendition of the decree of divorce that the trial court was justified in rendering the judgment appealed from. If such is the case, that fact should have been alleged and shown in an application to the court which rendered the decree.

It is further urged that it was inconvenient for the relator to go to Nuckolls county to present her application; but it may be said that it was just as inconvenient for her to come to Lancaster county from her home in Jefferson county to make the application in this case as it would have been for her to go to Nuckolls county to obtain a modification of the decree.

The respondent further contends that at the time when the relator filed her petition for the writ of habeas corpus, and when the case was tried, he had neither the possession of his children nor their custody, and therefore the writ should not have been awarded. The facts, as shown by the record, are that the relator had the custody of the children before the writ was issued; that the respondent had demanded that she return them to him, which she had refused to do; that she had placed them in the detention home at Lincoln, Nebraska, under the order of the district court, where they were when the judgment complained of was rendered. In such case they could not be taken by habeas corpus.

We decline to discuss the merits of the case so far as they relate to the welfare of the children, for that question should be determined by the court which rendered the decree of divorce, on an application to modify the same.

The judgment of the district court is reversed and the cause is dismissed.

REVERSED AND DISMISSED.

SEDGWICK, J., not sitting.