West v. Ofe.

---

GUY WEST, APPELLANT, V. DORA OFE, APPELLEE.

FILED JUNE 27, 1923. No. 22430.

Parent and Child: CUSTODY OF CHILD. "In a controversy for the custody of an infant of tender years, the court will consider the best interests of the child and will make such order for its custody as will be for its welfare, without reference to the wishes of the parties." *Schroeder v. State,* 41 Neb. 745.

APPEAL from the district court for Antelope county: WILLIAM V. ALLEN, JUDGE. *Affirmed.*

*J. C. Alexander, R. H. Rice* and *Lyle E. Jackson,* for appellant.

*Williams & Kryger, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DEAN, JJ., BLACKLEDGE, District Judge.

LETTON, J.

This is an application for a writ of habeas corpus brought by the father of Mae West, a child about 8 years of age at the time of the trial. The petition alleges that, while she was in the lawful custody of the father, she was taken and carried away by persons unknown to him, and she is now unlawfully deprived of her liberty by Dora Ofe, the respondent.

The evidence shows that since a few days after the

birth of the child, and until June, 1921, her care and custody were with the respondent, who is her mother's sister; that respondent has the same affection for her that she would have if she were her own child; and that her mother died a short time after the birth of the child.

Respondent testifies that, just prior to her death, the mother requested respondent to take and care for her and act as a mother to her; but relator has produced testimony as to the statements made by respondent to others, which seems to cast doubt upon this testimony. For two years of this time respondent kept house for the relator, receiving nothing for her services and very little for the maintenance of the child. She also testifies that she told relator when she took the child that, if she was not to be permitted to keep her permanently, they must take her then and not wait until she had formed an affection for her, and under these conditions the child was left with her.

Respondent is a seamstress, she has a comfortable home, and if the child remains with her, she is willing to waive any question of compensation for what board and clothes she has already supplied. The child would rather remain with her than live with her father and step-mother.

The evidence on behalf of relator shows that he was married the second time in February, 1920; that he is 40 years old, living upon a farm which he owns; that he has been a farmer all his life; that his home is about two and a quarter miles from a schoolhouse, and five miles from a church; that the school is the ordinary country school of eight grades. The mother of the child died eight days after her birth. He testified that, after respondent decided not to keep house for him any longer, he wanted to take the child, but respondent objected and wanted to keep her, and that he finally agreed to leave the child with her for an indefinite time; that his mother at that time offered to take the child and was in a

West v. Ofe.

position to have kept her; that he contributed all the money respondent said he owed her for the care of the child, $95 in all; that some times it was quite a long period between his visits to the child, once in six months in 1920, but that he has seen her probably once in every two or three months during the last two years. He has no other children.

The court found that the child was not unlawfully held in custody, and that the respondent is entitled to her care, custody and control.

The law is well settled as to the respective rights of these parties. We have said that the right of a parent to the custody of a minor child of tender years is not lightly to be set aside, and that the court may not deprive a parent of such custody unless he, or she, has forfeited the right, or is not a proper person, or not living under such conditions that it is for the best welfare of the child that it be kept in his, or her, custody. Our earlier decisions laid rather more stress on the rights of the parents than the later. The rights of the parents must not be disregarded, but if a parent has surrendered the care and custody of a child while it is a mere babe in arms to its maternal aunt, who has exercised a mother's care over it, whose love for the helpless infant has grown with its growth, and strengthened with its strength, whom the child regards as a mother, and who at the same time is able and willing to furnish the child a good home, care for and educate her, while the parent, by his own admission, has failed adequately to provide for the child, and only visited it at intervals of several months, it seems to us that the welfare of the child can better be subserved by leaving her with the aunt whom she loves and looks upon as a mother and who is lavishing upon her maternal affection. Furthermore, while there is nothing to show but that the stepmother is an estimable woman, there is evidently a coldness of feeling existing between the child and her, which tends to unhappiness for both.

The trial judge had the advantage of seeing the parties

and hearing their testimony. We find that his judgment is supported by the evidence.

AFFIRMED.