# STATE EX REL. JAMES PAPPENFUS v. VICTORIA KOURTZ (KOWITZ) AND OTHERS.[1]

December 16, 1927.

No. 26,547.

**Judgment in divorce action awarding custody of child.**

1. Provision for the custody of a child made in a judgment of divorce is binding until changed, but may be changed on application in that action whenever changed conditions warrant it.

**Habeas corpus for possession of child.**

2. Habeas corpus lies to determine the right to the possession of the child; but if it appears that the rights of the contending parties have been fixed by a valid judgment, the court will give effect to such judgment.

**Court will award custody in accordance with best interest of child.**

3. Where the child was awarded to a third party who has never had nor sought possession of him and is no longer in position to care for him, and the controversy is whether he shall be taken from the parent who has control of him and be given to the other parent, the court will make such provision for his custody as it deems for the best interest of the child.

**Custody awarded to child's mother.**

4. The facts lead to the conclusion that it will be best for the welfare of the child to place him in the custody of his mother.

Divorce, 19 C. J. p. 349 n. 13, 22.

Habeas Corpus, 29 C. J. p. 108 n. 7; p. 110 n. 28; p. 113 n. 56; p. 167 n. 72.

Parent and Child, 29 Cyc. p. 1589 n. 51; p. 1590 n. 53, 54; p. 1594 n. 85.

See 9 R. C. L. 439.

See note in 41 L.R.A.(N.S.) 603; 9 R. C. L. 475; 2 R. C. L. Supp. 810; 4 R. C. L. Supp. 608; 5 R. C. L. Supp. 513.

[1]Reported in 216 N. W. 937.

Habeas corpus in the district court for Benton county on the relation of James Pappenfus directed to Victoria and Edward Kourtz (Kowitz) to determine the custody of Edward Pappenfus, son of the relator. The district court, Roeser, J. awarded custody to the relator, and the respondents below appealed to this court, where there was a trial de novo. Writ discharged and the custody of the child awarded to Alice Pappenfus, his mother, one of the respondents below.

*Roeser & Burns,* for relator below (respondent here).

*E. A. Kling,* for respondents below (appellants here).

TAYLOR, C.

1. James Pappenfus procured a writ of habeas corpus from the district court of Benton county on September 6, 1927, for the purpose of obtaining the custody of his minor son, Edward Pappenfus, now seven years of age. He was awarded the custody of the child by an order dated September 10, 1927, and the child was delivered to him pursuant thereto. Alice Pappenfus, the mother of the child, and her parents, Edward and Victoria Kowitz, with whom he had been living theretofore, appealed from the order to this court. Habeas corpus proceedings brought to this court by appeal are tried as if originally begun in this court. A referee was appointed who took and reported the evidence.

2. James Pappenfus, 18 years of age, and Alice Kowitz, not quite 15 years of age, both residents of the village of Sauk Rapids in Benton county, were married November 11, 1918. The child, Edward, was born July 20, 1920. In February, 1923, James brought suit for divorce against Alice alleging adultery. This issue was submitted to a jury, the other issues being reserved for trial by the court. On April 17, 1923, the jury, by a five-sixths verdict, found the charge true. Before the other issues were tried, Alice, who then had the child, left the state taking him with her. Judgment of divorce was entered May 29, 1923. The judgment awarded the custody of the child to Mrs. Ray F. Smith, a sister of the plaintiff, then residing at Sauk Rapids, until the further order of the court.

3. Mr. and Mrs. Kowitz, each 45 years of age, were residents of Sauk Rapids for several years. Alice Pappenfus is their only child and Edward Pappenfus their only grandchild. Mr. Kowitz is employed by the Kennedy Construction Company as a steam engineer and earns from seven to ten dollars per day when so employed. In 1923 and thereafter until 1927, his work was in the states of Washington, Idaho, North Dakota and other western states. In June, 1923, Mrs. Kowitz joined her husband in the state of Washington, and since that time they have lived in various towns moving when his place of employment changed. In June, 1923, Alice placed the child with her mother and obtained employment near them. At the end of November, 1923, she returned to Minnesota and obtained employment in the city of St. Paul and remained in that city until July, 1925. From that time until February, 1926, she was employed in the city of Little Falls. In February, 1926, she returned to St. Paul where she remained until her parents returned to Sauk Rapids in August, 1927. She then went to her parents in Sauk Rapids and was with them when this proceeding was begun. While living in St. Paul she made a trip to Colorado to visit her parents and the child, and her mother made a trip to St. Paul. She has contributed from her earnings toward the support of the child. In September, 1927, at the same time that she appealed to this court in this proceeding, she petitioned the district court to amend the judgment in the divorce action by giving her the right to the custody of the child. This application was submitted on October 6, 1927, to the judge before whom the divorce action was tried and who made the original order. It is still pending undecided, that court having declined to take action while this proceeding was pending in this court.

4. At the hearing before the referee, the appellants objected to the taking of any evidence on the ground that the right to the custody of the child had been determined by the judgment in the divorce action and could be changed only by a modification of that judgment, and that an application to modify it was then pending. They contend here that habeas corpus will not lie for the reason that the judgment in the divorce action is final until changed by an order made in that action.

By our statute, G. S. 1923, §§ 8596, 8597, the court granting a divorce is given power to make such order concerning the care, custody and maintenance of the children of the parties as it deems just, and at any time thereafter to change such order or make such new order concerning them as the circumstances may require.

5. It is well settled that, where a court in granting a divorce makes provision for the custody of the children of the parties, the order in respect to the children is final and conclusive upon the state of facts then existing and is binding and remains in full force and effect until set aside or modified, but may be set aside or modified whenever warranted by a change in conditions. State ex rel. Spratt v. Spratt, 150 Minn. 5, 184 N. W. 31; State ex rel. Lembke v. Bechdel, 37 Minn. 360, 34 N. W. 334, 5 A. S. R. 854; State ex rel. v. Elifritz, 100 Neb. 320, 160 N. W. 113; In re Petitt, 84 Kan. 637, 114 P. 1071; Cormack v. Marshall, 211 Ill. 519, 71 N. E. 1077, 67 L. R. A. 787, 1 Ann. Cas. 256; Stone v. Duffy, 219 Mass. 178, 106 N. E. 595; Haynie v. Hudgins, 122 Miss. 838, 85 So. 99; Wilson v. Elliott, 96 Tex. 472, 73 S. W. 946, 75 S. W. 368, 97 A. S. R. 928; Milner v. Gatlin, 143 Ga. 816, 85 S. E. 1045, L. R. A. 1916B, 977.

It is also the rule in most states that where the child is within the jurisdiction of the state in which the judgment was rendered the provision for its custody can be set aside, changed or modified only upon an application in the proceeding in which it was made, and cannot be changed under a writ of habeas corpus. State ex rel. v. Elifritz, 100 Neb. 320, 160 N. W. 113, and cases there cited.

6. It does not follow, however, that habeas corpus proceedings to obtain possession of a child are barred by the fact that provision for his custody has been made in the judgment of divorce. If possession is withheld from the one to whom he has been awarded, habeas corpus is a proper remedy. In such a case the judgment when presented in the habeas corpus proceeding will be conclusive evidence of the right to his custody. If habeas corpus should be invoked to take him from the one to whom he has been awarded, the judgment would be a complete answer to the claim made by the writ. Although the judgment is binding until changed, and when presented as evidence in habeas corpus proceedings may be decisive

for or against the petitioner, the fact that it has been rendered does not preclude a court from entertaining such proceedings. In habeas corpus proceedings the court is called upon to determine the rights of the parties upon the state of facts then existing. If it appears that such rights have been fixed and determined by a valid judgment, the court will give effect to that judgment. State ex rel. Spratt v. Spratt, 150 Minn. 5, 184 N. W. 31. But where the right to the custody of the child has not been awarded to either of the contending parties and one is seeking to take him from the possession of the other, the duty devolves upon the court to determine whether he shall remain with the one who has been caring for him or shall be placed in the care and under the control of the other or of some third party. In making such determination the welfare of the child is the paramount consideration.

7. The judgment in the divorce action did not give the custody of Edward to any of the parties to this proceeding, but to Mrs. Ray F. Smith. Not long thereafter Mrs. Smith's husband was convicted of manslaughter and committed to the state prison. After his conviction she left Sauk Rapids and went to Minneapolis, where she obtained employment and still remains. She is not a party to this proceeding and has not appeared in it. She has never had possession of the child; is not asking for possession of him; and evidently is not now in position to take care of him. She may be deemed to have waived her right to his custody. State ex rel. Aldridge v. Aldridge, 163 Minn. 435, 204 N. W. 324.

8. As neither of the parties to this proceeding is in position to claim the child under or by virtue of the judgment, their respective claims to his custody must be determined from the facts disclosed by the evidence. James asserts that Alice is not a fit person to have possession of him. This charge is based on the verdict rendered in 1923. There is no claim that she has been guilty of any improprieties since that time, and so far as appears her subsequent conduct has been above reproach. That her parents are of good character is not questioned; and that they have cared for the child well and properly for more than four years is also not questioned.

James was discharged from the military service of the United States for disability in July, 1918, and receives $75 per month on account of such disability. It appears that the government set aside $15 per month of this sum for the benefit of the child, and paid James $60 per month. James now has a place of business in Sauk Rapids where he sells auto supplies and fishing tackle, but he refused to state the amount realized from that business. There was testimony that he had sold moonshine whisky at his place of business to one Folsom. He denied making this sale, but when asked if he had not sold liquor at his place of business declined to answer on the ground that it might incriminate him. He was married again on January 25, 1926. About three weeks before the marriage his present wife gave birth to a child of which he admits being the father. A second child has since been born to them. To obtain the license to marry he made affidavit that neither he nor his present wife had been divorced within the preceding six months. Her former husband had brought an action for divorce against her in which findings and an order for judgment had been made more than a year before, but the judgment was not in fact entered until December 1, 1925.

During the last four years Alice has led a moral and upright life. We cannot say as much for James. James asks for the custody of their child, Edward, and proposes to make him a member of his family to be cared for by his present wife, who has two young children of her own to care for. Alice asks for his custody and proposes to allow him to remain with her parents who have cared for him since the divorce. They have no other grandchild and no child except Alice. Their financial ability to care for him is apparently superior to that of James. They had placed him in the Sauk Rapids school before this proceeding was instituted. They declare that they will make Sauk Rapids their permanent home and will make it his permanent place of residence if he is permitted to remain with them.

9. We are of opinion that it will be best for the welfare of Edward that he be placed in the custody and under the control of

his mother, Alice Pappenfus, and it is so ordered. But his place of residence shall remain within this state, and his father shall have the right to visit him at reasonable and proper times. This order is without prejudice to the right of the court to make such other or further provision in the divorce action for the care, custody and maintenance of Edward hereafter as the facts and circumstances then existing may warrant.