WAYNE OSTERHOLT ET AL., APPELLANTS, v. FRED OSTERHOLT ET AL., APPELLEES.

114 N. W. 2d 734

Filed April 27, 1962. No. 35065.

Muffly & Snyder, for appellants.

Philip T. Morgan, for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

Spencer, J.

This is a habeas corpus action seeking the custody of two children. The application was denied and relators appeal.

Relators and appellants, Wayne Osterholt and Rowena Osterholt, are the parents of the two children, Christina, who was born June 18, 1955, and Cindy Kay, who was born January 20, 1957. Respondents and appellees are Fred Osterholt, the paternal grandfather of the children, and Lena Irwin in whose home at Belgrade, Nebraska, Fred Osterholt, hereinafter referred to as the grandfather, lives with the grandchildren.

Wayne Osterholt, who will be hereinafter referred to as the father, was placed in the Beatrice State Home when he was 14 years of age, and stayed there until he was 17. He married Rowena, the mother of the children, hereinafter referred to as the mother, on September 15, 1950.

Sometime prior to 1960 the father had pleaded guilty to a charge of breaking and entering in the State of Iowa. During January of 1960, he was serving a jail sentence in Iowa on a check charge. At the time of the trial, the father was on parole with the Nebraska State Probation Officer. There is nothing in the record to indicate the nature of the charge on which he was paroled in Nebraska, but we assume that it was one of the Iowa offenses.

On January 13, 1960, the mother brought the two children to the Irwin home to live with the grandfather. At that time the children were in bad physical condition, were emotionally disturbed, and were in need of medical and psychiatric attention. The mother lived with the children in the Irwin home until March 31, 1960. During that period she left the home on two occasions for a few days. On one of them, which was when she received her first aid to dependent children check, she was gone for 5 days. On that occasion Mrs. Irwin was in the hospital, and the children were cared

for by a neighbor of Mrs. Irwin. The mother left the Irwin home permanently March 31, 1960.

On three occasions when the mother came to visit the children she was brought to Belgrade by two different men, one of whom is alleged to be the father of a child subsequently born to her.

There is in the record evidence that on several occasions one or the other of the parents contemplated a divorce and that this was the situation as late as 3 weeks before the filing of the application herein. The testimony of the parents was to the effect that they had resolved their difficulties, were living together in Lincoln with the third child, and now wanted the custody of their other two children. The welfare director of Nance county and several other witnesses testified that the home now being provided for the children is a good one and that the children are receiving adequate care.

We have repeatedly held that the writ of habeas corpus may be used in controversies regarding the custody of infants. Such proceedings are governed by considerations of expediency and equity, and should not be bound by technical rules of practice. In re Application of Reed, 152 Neb. 819, 43 N. W. 2d 161.

After the court's jurisdiction has been invoked by a petition for habeas corpus seeking the custody of children, the children become wards of the court and their welfare lies in the hands of the court. Hanson v. Hanson, 150 Neb. 337, 34 N. W. 2d 388.

The law is equally well settled as to the respective rights of these parties. We have said that the right of parents to the custody of minor children of tender years is not to be lightly set aside and that the court may not deprive parents of such custody unless they are shown to be unfit to perform the duties to be imposed by that relationship, or they have forfeited their right. West v. Ofe, 110 Neb. 443, 194 N. W. 464; Williams v. Williams, 161 Neb. 686, 74 N. W. 2d 543.

In a controversy for the custody of infants of tender

years, the court will always consider the best interests of the children and will make such order for their custody as will be for their welfare without reference to the wishes of the parties. Schroeder v. State ex rel. Filbert, 41 Neb. 745, 60 N. W. 89; Barnes v. Morash, 156 Neb. 721, 57 N. W. 2d 783.

In the instant case, the indifference of the mother on occasion, her willingness to let others assume her burden, her recent moral dereliction, coupled with the instability and irresponsibility of the father, certainly would sustain a finding of present unfitness to perform the duties of parenthood.

The children have been cared for in their present surroundings for more than 2 years. Their physical and mental condition has improved, although one of them is still receiving medical attention. To take these children from an environment of stability and security to try an experiment elsewhere does not appear to us as being for the best interests of the children. This is particularly so when the previous environment provided by the parents has been one of constant instability and insecurity.

It is apparent that the trial judge, who had an opportunity to observe the parties and the witnesses, was convinced that until the parents had proved by their conduct rather than mere words their fitness to assume their obligation, the welfare of the children required a denial of the application for a writ of habeas corpus.

For the reasons given above, we find that the application was properly denied, and that the judgment should be affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.