IN RE LACINDA MARIE GREEN, A CHILD FIVE YEARS OF AGE. SHEILA ANNE GREEN, APPELLEE, v. THOMAS LEE GREEN ET AL., APPELLANTS.

132 N. W. 2d 380

Filed January 22, 1965. No. 35774.

. Charles A. Fisher and Charles F. Fisher, for appellants.

Reddish, Fiebig & Curtiss, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, BOS-LAUGH, and BROWER, JJ., and POLLOCK and SIDNER, District Judges.

SIDNER, District Judge.

Sheila Anne Green, appellee herein, instituted a habeas corpus action in the district court for Dawes County to obtain custody of her 5-year-old daughter, LaCinda. Appellants herein are Thomas Lee Green, father of the child and husband of the appellee Sheila Anne Green, and Foster Green, paternal grandfather of the child, and his wife, Dorothy Green.

The application for a writ alleged that a divorce suit was pending in Box Butte County between Sheila and Thomas; and that on the 28th day of December 1963, Sheila, who had had the exclusive custody of LaCinda for the last 2½ years, entrusted said child with Foster Green and his wife for a 2-day visit. This action also made Thomas Lee Green a respondent, and alleged that either Foster Green and wife, or Thomas Lee Green were holding said minor child, and that she was entitled to the immediate custody of her.

This petition was filed January 11, 1964, with return date January 15, 1964. The writ was served on Foster Green and wife, but was returned for lack of service on the respondent Thomas Lee Green.

On the return date, after various motions were filed and disposed of by the court on behalf of the respondents, they filed a return to the writ, which was verified by Foster Green and Dorothy Green, and, while it was signed on behalf of Thomas Lee Green, it was not verified by him. The child was also produced into court. The return alleged that the petitioner, Sheila Green, was an improper party to have the custody of said minor child, alleging, among other things, that she was

living in an adulterous relationship. At the time of the hearing the following coloquy took place:

"MR. FISHER: May the record show that Foster Green and Dorothy Green, and Thomas Lee Green brought the child to court.

THE COURT: Very well. The record shall so show.

MR. CURTISS: And Thomas Lee Green, Your Honor, is not in court.

MR. FISHER: Well, he is here, Your Honor—he is in —he has filed a return of the writ.

MR. CURTISS: To which we object, he did not make a return to the writ. He is not here. He could be here.

THE COURT: Put this all in the record. Now, you are making that in the form of a motion, Mr. Fisher?

MR. FISHER: Yes.

THE COURT: Overruled. It is the order of this court that the custody, the immediate custody of the child, shall be awarded to the relator or Sheila Anne Green.

MR. FISHER: Now, Your Honor, we ask leave, before you make your order to introduce proof in support of the return.

THE COURT: The return isn't any good, Mr. Fisher.
* * *

THE COURT: Now, it is in the same condition as though there had been a motion to strike the pleading from the file. Once you have done that if the—the ruling has been made that the writ is not proper then nothing remains to offer evidence in support of, and the petition stands unchallenged.

MR. FISHER: All right. You are so ruling—holding that this has the same effect as striking the writ— the return of the writ from the files.

THE COURT: Well, it has that effect. It is actually my holding that there is no proper return—that no proper return has been made to the writ.

MR. FISHER: And we are not permitted to amend?

THE COURT: I don't see it is proper to do so.

MR. FISHER: We ask leave to do so, and you so deny it?

THE COURT: That is correct. Let the record so show."

From this testimony, the only motion made, or apparently made, to the return of the writ was that Thomas Lee Green was not there. We therefore must assume that this constituted the basis for the ruling of the court that there was no proper return to the writ. This court has repeatedly held that the writ of habeas corpus is a proper proceeding for the deciding of controversy regarding the custody of infants. Osterholt v. Osterholt, 173 Neb. 683, 114 N. W. 2d 734. And particularly it has held in the case of Raymond v. Cotner, 175 Neb. 158, 120 N. W. 2d 892, that it is a proper place to determine this right, even between a parent and a grandparent. But, of course, these cases hold that the parent is ordinarily entitled to the custody, and to show that the parent is unfit rests heavily upon the person making such a claim, but the action is still one to be determined by the court from the evidence.

Since the father of the child would naturally be interested in the custody of the child, he was a proper party to be made respondent in this action, and although not served with summons, he had a right to be heard. The only defect appearing in the record as to his return was that it was not verified. In Osterholt v. Osterholt, *supra,* it is stated: "We have repeatedly held that the writ of habeas corpus may be used in controversies regarding the custody of infants. Such proceedings are governed by considerations of expediency and equity, and should not be bound by technical rules of practice. In re Application of Reed, 152 Neb. 819, 43 N. W. 2d 161."

In the case of Kleinknecht v. McNulty, 169 Neb. 470, 100 N. W. 2d 77, the following rules are set forth concerning the amendment of pleadings: "The refusal to permit an amendment which is proposed at an opportune time, and which should be made in the further-

ance of justice, is an abuse of discretion on the part of the trial court. * * * The law of amendments should be liberally construed in order to prevent a failure of justice. * * *."

We therefore hold that the district court should have permitted the amendment to the return on behalf of Thomas Lee Green from the record as shown. Also, the issues having been made by the return of Foster Green and his wife, they should have been permitted to introduce evidence in support of their return to the writ. Since an offer was made to do this, and refused by the court, this also constitutes error.

The judgment of the trial court is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

MESSMORE, J., not participating.