CHARLES J. CLARK ET AL. V. JOHN H. CHARLES ET AL., IMPLEADED WITH WILLIAM H. GEORGE ET AL., APPELLEES, AND MARY CROSBY ET AL., APPELLANTS.

FILED MAY 19, 1898. No. 8124.

1. **Purchase of Realty Pendente Lite.** A purchaser of real estate, during the pendency of a suit for its partition, from a party to such suit, is as much bound by the disposition made of the real estate by the decree rendered in such action as his grantor.

2. **Decree by Consent: PARTIES: REVIEW.** When a decree is entered conforming to the agreement and consent made in open court of all the parties to the action, the court having jurisdiction to enter such decree, then no party to that decree, nor one claiming under such party, can be heard to question it except for fraud or mistake, even though the pleadings would not support the decree had the action been contested.

3. **Judgment: ATTACK.** To entitle a party to a judgment to be relieved from its provisions, on motion after term, it is an essential prerequisite that he have a defense to the judgment as it stands.

4. **Partition: ACCEPTANCE OF LAND: EFFECT OF DECREE.** Where one accepts the lands awarded him by the provisions of a consent decree partitioning real estate, he thereby ratifies the entire decree; and he may not hold his lands and be relieved from the burdens imposed thereon by such decree.

APPEAL from the district court of Dakota county. Heard below before NORRIS, J. *Reversed.*

*Spalding, Taylor & Burgess* and *W. E. Gantt,* for appellants.

*R. E. Evans, M. C. Beck, Jay & Welty, R. B. Daley,* and
*McConkey & Daley, contra.*

RAGAN, C.

Patrick Gaughran died intestate in 1867 seized in fee-
simple of the following described real estate, situate in
Dakota county, Nebraska, to-wit: Lots 1 and 2, in section
28, township 29 north, and range 9. He left surviving
him as his only heirs-at-law certain brothers and sisters
and their descendants. John Gaughran, a brother of
Patrick, about the date of the latter's decease, took pos-
session of his real estate and held the same until the year
1887, at which date he attempted to convey the entire
property to one John Hogan, and he, about the same
time, conveyed a portion of the land to George M. (N.)
Martin, and another portion to Charles J. Clark. In this
same year Hogan, Clark, and Martin each instituted a
suit against Mary Crosby, Kate Leith, and Peter Gaugh-
ran, heirs-at-law of Patrick Gaughran, deceased, appel-
lants here, and various other parties to quiet his title to
his respective portion of the real estate which he claimed.
These three suits were consolidated for trial and known
in the record here as the Clark-Charles suit. The appel-
lants claimed to be the owners of certain shares of the
land, as heirs of Patrick Gaughran, deceased, and de-
manded of Hogan, Clark, and Martin an accounting of
the rents and profits, and prayed for a partition of the
real estate among the owners thereof and for general
equitable relief. This suit pended on the docket until
August 12, 1891, at which date the court made its find-
ings and entered a decree, which, so far as material here,
is to the effect that Hogan, Martin, Clark, and the appel-
lants Crosby, Leith, and Peter Gaughran were the owners
of the real estate in controversy, entitled to a partition
thereof; that Hogan, Martin, and Clark, or either of
them, should not be charged with the rents of such real
estate, but that the taxes against the land should be set

off against the rents, and liquidate the same; that the real estate should be partitioned among these owners; that Crosby, Leith, and Peter Gaughran, the appellants, should take their portions of the real estate discharged of the taxes; and that whatever taxes were liens upon the portions of the real estate which should be awarded the appellants should become liens upon the portions of the real estate partitioned to Martin, Hogan, and Clark. The appellants were also to take their portions of the real estate which might be awarded them free of the costs of the suit. This decree was not entered in pursuance of evidence heard by the district court, but recites that it was entered in accordance with the stipulation and agreement of all parties to the action. Subsequent to the date of the entry of this decree and in pursuance of its provisions commissioners were appointed, who partitioned these lands among the parties owning them. The partition was made and duly reported to the court and by it confirmed September 8, 1891. Subsequently, on March 4, 1892, on motion duly made therefor, and in pursuance of due notice to all parties interested in the action, the court modified the decree of August 12, 1891, so as to ascertain the amount of tax liens that existed against the real estate partitioned to Crosby, Leith, and Peter Gaughran, and decreed that the amounts of those taxes should be liens against the specific portions of the land set off to Clark, Hogan, and Martin. While the Clark-Charles suit was pending, and before the rendition of the decree of August 12, 1891, W. H. George purchased from Martin a portion of his interest in the real estate in controversy. After the rendition of the decree of August 12, 1891, James P. Twohig and Lola M. Hunt became interested in the real estate by purchase from the parties to that decree, other than the appellants. George, Twohig, and Hunt, as late as May 15, 1894, each filed in the district court of Dakota county, and in this Clark-Charles suit, two motions—one to modify the decree of August 12, 1891, in so far as it decreed that the taxes which were

liens against the real estate which should be partitioned
to the appellants should be made liens against the real
estate which should be partitioned to Clark, Hogan, and
Martin, by striking that provision from the decree, and
to vacate the modification of that decree made March 4,
1892, in and by which the amount of these liens was ascer-
tained and declared to be liens upon the specific property
which had been set off to Martin, Clark, and Hogan.
The motions filed by George, Twohig, and Hunt were con-
solidated, tried together by the district court, and sus-
tained, and from this order Crosby, Leith, and Peter
Gaughran appeal.

1. The decree of August 12, 1891: The appellees pur-
chased their interest in the real estate during the pend-
ency of the Clark-Charles suit, and from persons who
were parties to that suit, and under the court's jurisdic-
tion, or purchased from parties to the suit after the ren-
dition of the judgment of August 12, 1891, and are, there-
fore, as much bound by the judgment rendered in that
action as the parties to that suit. When George pur-
chased his interest in the real estate in controversy the
title to the real estate was in litigation. The court had
jurisdiction of the subject-matter of the action and of all
the parties who claimed to be owners of or interested in
the real estate, and George, by purchasing from one of
these litigants, is as much bound by the decree rendered
in that action disposing of this real estate as if he had
been a party to the action. Hunt and Twohig purchased
their interest in this property from persons who were
parties to the Clark-Charles suit after the decision of that
case which fixed the status of the property, and they sim-
ply took the title which their vendors had, and that title
was subject to the decree pronounced in the Clark-
Charles suit. (Black, Judgments sec. 550, and cases
there cited; *Murray v. Ballou*, 1 Johns. Ch. [N. Y.] 565;
*Lincoln Rapid Transit Co. v. Rundle*, 34 Neb. 559; Code of
Civil Procedure, sec. 85.)

2. The record before us will not sustain the finding

that this decree was procured by fraud practiced by any one, nor that the decree is the result of a mistake, neglect, or omission of the clerk of the court.

3. It is insisted that the decree of August 12, 1891, in so far as it made the costs of the Clark-Charles suit and the taxes against the lands which might be partitioned to the appellants liens upon the lands which should be partitioned to Martin, Hogan, and Clark, was void, and, therefore, was irregularly obtained, within the meaning of the third subdivision of section 602 of the Code. Whether a void judgment is one irregularly obtained within the meaning of this section of the Code we do not determine. The argument that the decree is void is based upon counsel's contention that the pleadings filed in the Clark-Charles suit do not support the portion of the decree assailed. We think the answer to this argument is that this decree does not depend for its support entirely upon the pleadings filed in the Clark-Charles suit, but is the result of the solemn agreement and stipulation of the parties in open court. It is a judgment based upon the consent of all the parties to the action, and as the court had jurisdiction of those parties and of the subject-matter of the suit—had jurisdiction and authority to enter just such a decree as it did enter—no party to that decree, nor one claiming under such a party, can be heard to question it, except for fraud or mistake. In *Fletcher v. Holmes*, 25 Ind. 458, the court said: "We can conceive of no reason why a judgment entered by agreement, by a court of general jurisdiction, having power in a proper case to render such a judgment, and having the parties before it, should not bind those by whose agreement it is entered, notwithstanding the pleadings would not, in a contested case, authorize such a judgment. The object of a complaint is to inform the defendant of the nature of the plaintiff's case. It is for his protection that it is required. If he wishes to waive it, or agrees to the granting of greater relief than could otherwise be given under its averments, without amend-

ment, and such relief is given by his consent, we think that the judgment is not even erroneous, much less void, as to him."

4. Modification of the judgment made March 4, 1892: It is also insisted that the modification made March 4, 1892, of the decree in the Clark-Charles suit was void as to the appellees, because Martin, Clark, and Hogan, under whom the appellees claim, had no notice of that proceeding. It would subserve no useful purpose whatever to set out the evidence upon that subject, and it must suffice to say that we think the contention that Martin, Clark, and Hogan had no notice of the application to modify this judgment is wholly unsustained. The jurisdiction of the court to make the modification is also called in question. But the court did have jurisdiction to make the modification. The very statute which the appellees are invoking in this proceeding conferred power upon the district court to make the modification complained of.

5. There are two reasons why the appellees are not entitled to have their motion sustained:

First. Section 606 of the Code of Civil Procedure provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment is rendered; or, if the plaintiff seeks its vacation, that he has a valid cause of action. The appellees have not shown that the feature of the decree of August 12, 1891, of which they complain is inequitable, unjust, or illegal. In other words, they have not shown that that decree is not just what it should be. They and their grantors had had possession of this real estate for twenty years, and in the judgment which orders it to be partitioned among the appellants and appellees the court decrees that the appellees shall not account for the rents and profits of this land during the years they have held it, and in consideration of this that the costs of the suit shall be borne by the appellants, and the real estate awarded them shall be liable therefor; that the taxes

which may exist against the real estate set off to the appellants shall be paid by the appellees and that the property awarded them shall be liable for such taxes. If the appellees have any valid reason to urge against the justice and equity of this provision of the decree we have failed to discover it in this record. To entitle the appellees to be relieved from this provision of the decree it is absolutely essential that they should, in the language of the statute, show that they have a defense thereto. This they have not done. (*Lander v. Abrahamson*, 34 Neb. 553; *Janes v. Howell*, 37 Neb. 320; *Norwegian Plow Co. v. Bollman*, 47 Neb. 186; *Western Assurance Co. v. Klein*, 48 Neb. 904; *Bankers Life Ins. Co. v. Robbins*, 53 Neb. 44, and cases there cited.)

Second. Another reason why the appellees are not entitled to have their motion sustained is that their grantors have acquiesced in the decree. They accepted the lands awarded them by its provisions, and they cannot accept the decree in part and repudiate it in part. They must accept all or none. The lands allotted them came to them charged with certain burdens. They cannot accept the land and be relieved from the burdens, and the appellees are in no better position than their grantors.

The judgment of the district court sustaining the motions of the appellees is reversed. The cause is remanded to the district court of Dakota county with instructions to dismiss the motions of the appellees.

REVERSED AND REMANDED.