CONNIE SECHSER, APPELLEE AND CROSS-APPELLANT, V. JAMES SECHSER, APPELLANT AND CROSS-APPELLEE.
76 N. W. 2d 412

Filed April 20, 1956. No. 33906.

Joseph T. Votava, for appellant.

Cassem, Tierney, Adams, Kennedy & Henatsch, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for divorce. Trial was had resulting in a decree granting plaintiff, Connie Sechser, an absolute divorce, the custody of an infant child, the title to two pieces of real estate, dividing personal property, awarding child support to plaintiff, and taxing costs and attorneys' fees for both plaintiff and defendant to plaintiff.

Defendant appeals, claiming an inequitable division of property and making claim that the child support award is inequitable.

Plaintiff cross-appeals asking for alimony, a more equitable division of personal property, and a disallowance of attorneys' fees and costs awarded to the defendant.

We affirm the judgment of the trial court except as to attorneys' fees and court costs allowed defendant.

Both parties here rely on the rule as to alimony and the division of property stated in full in Kidder v. Kidder, 159 Neb. 666, 68 N. W. 2d 279. The rule will not be repeated here. Under it the ultimate task is to make an award that is equitable and just.

This case is for trial de novo here, subject to the oft-stated rule: " 'Actions in equity, on appeal to this court, are triable de novo * * * subject, however, to the rule that when the evidence on material questions of fact is in irreconcilable conflict this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite.' " Schroeder v. Ely, 161 Neb. 252, 73 N. W. 2d 165.

This rule has particular application here as to the questions we are called upon to determine in view of the direct conflict in the evidence and also defendant's

often equivocal and evasive answers given on direct and cross-examination.

The parties were married October 13, 1952. At that time plaintiff was 34 years of age and defendant was 35 years of age. One child was born to the marriage on February 6, 1954. The parties separated during the summer of 1954 and this action was started in August 1954. Trial was concluded in February 1955. Decree was rendered, insofar as it relates to a division of property, on August 22, 1955.

Plaintiff alleged extreme cruelty as a ground for divorce. Although not presented in this appeal, we have examined the record and find that it amply sustains the judgment of the trial court as to that issue.

Two pieces of real estate were awarded to the plaintiff.

The record shows without dispute that prior to and subsequent to the marriage plaintiff was gainfully employed. At the time of her marriage plaintiff had on deposit in a savings account in Omaha the sum of $4,548.12. Defendant claimed that $1,000 of this amount was a gift from him to the plaintiff prior to the marriage. He testified he took it out of a safety-deposit box where he had some $4,000 in cash. He said that he deposited it in plaintiff's account on June 3, 1952. Defendant testified that he remembered the approximate amount in dollars that plaintiff had in her account at that time, although he was not at all certain as to the amount he had in the safety-deposit box at that time. Plaintiff testified that the $1,000 deposit was a repayment of a loan made to a brother. In any event, concededly it was plaintiff's money at the time of the marriage.

Subsequent to her marriage plaintiff deposited in this savings account from her earnings the sum of $3,162.90.

On March 28, 1953, the parties purchased by contract a duplex rental property in the city of Omaha. The sum of $2,000 was paid at the time. The balance of $8,950 was to be paid in monthly installments. The

contract title to this property was taken in the names of the plaintiff and the defendant. The $2,000 payment was taken from the plaintiff's savings account. Subsequent thereto a real estate agency handled the property, collected the rents, made the deductions for the monthly payments, and paid defendant the balance. The payments so received by defendant averaged from $25 to $40 a month. Defendant paid the real estate taxes up to the time of this litigation. The real estate agency withheld the payments beginning some 2 months before the trial. The trial court decreed that this property should be the property of the plaintiff together with the withheld rentals. Defendant here states that this property "should have been awarded to the plaintiff because it brings a small income over and above the expenditures." A better reason would be that the property should have been awarded to the plaintiff because it was purchased with her money. The trial court did not err in its decree as to this property.

Also on April 24, 1953, the parties purchased an acreage west of Omaha for $12,000. The sum of $4,500 was paid when the property was purchased. That sum was paid with money taken from plaintiff's savings account. The title was taken in joint tenancy with right of survivorship. A mortgage indebtedness of about $5,350 was assumed. A second mortgage was placed on the property for the balance of less than $2,000. Defendant testified that he paid the second mortgage in May of 1954. The exact amount paid and the source of the funds is not shown. The parties maintained this property as a home up until the separation. The trial court decreed that this property should be the separate property of the plaintiff. Defendant claims that was error, and here asserts that it should have been awarded to the defendant "because the plaintiff does not want to live there." It appears also that the defendant does not want to live there. The reason is without merit.

Considering the above facts and other facts herein-

after appearing, we affirm that finding and decree of the trial court awarding this property to the plaintiff.

At the time of the marriage defendant owned the furniture in an apartment which he occupied. The parties received many wedding gifts. After the marriage other furniture and furnishings were purchased. The furniture, furnishings, and gifts were in the home on the acreage when the parties separated.

Plaintiff went to the house and took out some bedding, dishes, and kitchen equipment. Defendant learned about it and next morning about 1:30 a. m., with a truck and help, removed everything from the house except a piano, gas stove, and picnic table. These he stored in Omaha and later moved part, if not all of it, into an apartment which he occupied at the time of the trial. Plaintiff claimed that defendant took the wedding gifts. Defendant both denied and admitted taking some of the wedding gifts. Neither party sought permission to examine the living quarters of the other to determine who had what. The trial court decreed that the parties should retain the personal property which they had in their possession except that individually owned personal property belonging to the one in the possession of the other should be returned to the individual owner. The form of the decree is not assailed. We affirm that disposition of the property involved in that part of the decree.

The defendant seems to have had an ability to acquire diamonds in old settings. He had quite a number at the time of the engagement of the parties. In new mountings, he gave plaintiff an engagement ring and a cocktail ring, each set with diamonds, and a watch set with many diamonds. Plaintiff testified that all of these, except the wedding ring, were in a dresser which defendant removed from the home. Defendant denied that they were there or that he had them. At the trial he testified that he had only the diamond ring which he was wearing and a "loose diamond" which he had car-

ried in his back pocket for a number of years, and he guessed it was still there.

Other than as covered by the portion of the decree above stated, the trial court made no decree as to the diamonds. We can do no more under this record.

Defendant had a penchant for new automobiles. From 1950 to 1953, he had five new cars. The last one was a Cadillac acquired in 1953. The purchase price was paid in part by a trade-in of a Chrysler car, in part by cash, and in part by a loan. The sum of $1,150 paid in cash was taken from plaintiff's savings account. A Chevrolet truck was purchased after the purchase of the acreage. Title was taken in the name of the plaintiff. The purchase price was about $1,300. The sum of $900 of the purchase price came from the sale of savings bonds of plaintiff. The balance was paid by defendant in installments. The trial court decreed that the Cadillac should be the separate property of the defendant and the Chevrolet should be the separate property of the plaintiff. We affirm that division.

By its decree the trial court undertook to award to plaintiff that which this record shows was hers and to make an equitable division of the revealed property of the parties.

It is reasonably clear that plaintiff has disclosed all property which she owned at the time of the marriage and that which she personally acquired thereafter.

It is also reasonably clear that defendant did not make a like disclosure. He makes no disclosure of what was done with the several thousand dollars which he claimed he had in a safety-deposit box at the bank.

We think it patent that he did not disclose all of his income.

Defendant at all times mentioned herein was an employee of the Diamond Bar, Incorporated. Plaintiff testified that he was manager, owned stock in the corporation, and was its president. Defendant denied that he owned stock in the corporation. He revealed only his in-

come from the Diamond Bar in 1954. After withholdings were taken out, by calculation, his monthly income was $377.33. By calculation according to defendant's testimony, he was paying $105 a month child support for the children of a former marriage; $25 a month to his mother for care of one of the children; $132 a month payments on the Cadillac; in excess of $30 a month for gasoline for the Cadillac and other cars; and $75 a month apartment rent. These items total $367 a month, or $10 less than defendant's disclosed income. The above tabulation does not include service charges and new tires for the Cadillac; the partial payments made on the temporary child support award; doctor bills shown to have been paid for plaintiff; living expenses; and vacation trips, etc. Defendant in his brief claims that these payments came from former savings and earnings. The record does not disclose the source of the funds.

In the light of this record we see no reason for reducing in any way the property awards made by the trial court to the plaintiff. There is not here a foundation for an alimony award which the plaintiff seeks by cross-petition.

Defendant seeks a reduction in the $50 a month child support award to the plaintiff. It is not claimed that the amount is excessive. It is the amount that the parties agreed upon as the sum to be paid for child support pending the litigation. Defendant suggests that in the future circumstances may "become such that the defendant cannot or will not pay the support order." He asks that the acreage be awarded to him as assurance that that contingency may not arise. The trial court has full authority to meet that contingency under the provisions of the decree and section 42-324, R. R. S. 1943.

The trial court ordered the plaintiff to pay the sum of $750 to defendant's attorney and all court costs except those then paid by defendant. Plaintiff assigns this as error on cross-appeal. The trial court ordered plaintiff

to pay her own attorney's fees. This is not assigned as error in the cross-appeal.

Ordinarily in divorce actions under authority of section 42-308, R. R. S. 1943, attorney's fees and costs are granted to the wife. Where there is no reasonable justification for an appeal, we have denied attorney's fees here. See, Eicher v. Eicher, 148 Neb. 173, 26 N. W. 2d 808; Sell v. Sell, 148 Neb. 859, 29 N. W. 2d 877. We see no reasonable justification here for requiring the plaintiff, the successful litigant, to pay attorney's fees for her husband, the unsuccessful litigant.

The decree of the trial court is affirmed as to all matters herein discussed except the allowance of attorney's fees to the defendant, and the taxing of costs to the plaintiff. As to that the decree is reversed. Attorney's fees to the defendant are denied.

All costs in the district court and in this court are taxed to the defendant.

The cause is remanded to the district court with directions to render a decree in accord with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.