MARJORIE DETTER ET AL., APPELLEES, V. SHIRLEY ERPELDING, APPELLANT, IMPLEADED WITH JAMES EDWARD ESTERLY ET AL., APPELLEES, JOSEPHINE ERPELDING, INTERVENER-APPELLEE.

126 N. W. 2d 827

Filed March 13, 1964.    No. 35552.

601

John McArthur, for appellant.

Ward W. Minor, William J. Ross, and Andrew J. Mc-Mullen, for appellees Detter et al.

Dryden & Jensen, for intervener-appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

This is a partition action brought by Marjorie Detter, Doris Mays, Arlene Slack, Melvin Erpelding, Bernard Erpelding, and Donald Erpelding, daughters and sons of Lawrence P. Erpelding, deceased, and their spouses, as plaintiffs, against Shirley Erpelding Esterly and James Edward Esterly, her husband, and tenants on the land owned by Lawrence P. Erpelding, deceased, at the time of his death. Default of all defendants except Shirley Erpelding Esterly was taken.

It should be pointed out that the defendant, sometimes known as Shirley Erpelding Esterly, is in fact Shirley Erpelding, and is unmarried.

The petition in partition was filed on May 28, 1962, requesting that the heirs-at-law of Lawrence P. Erpelding, deceased, as set out in the petition, receive their respective shares in the land of which Lawrence P. Erpelding died seized as set forth in the petition; and that if the land be sold the proceeds thereof be divided according to the shares of the respective heirs-at-law of Lawrence P. Erpelding, deceased.

On August 2, 1962, Shirley Erpelding filed an answer in the partition action alleging that she had a judgment lien against all of the real estate of the plaintiff Bernard F. Erpelding located in Buffalo County by virtue of a judgment in a case entitled Shirley D. Erpelding v. Bernard F. Erpelding; that said judgment was entered immediately after July 2, 1962, requiring that the proceeds of the property sold in this case (partition case) be paid to the clerk of the district court for Buffalo County

in payment of the accrued and future child support payments; that said judgment is in full force and effect; that because of the judgment lien above mentioned, and because of the judgment rendered in July 1962, this defendant is entitled to have the interest of Bernard F. Erpelding in the real estate described in the plaintiffs' petition paid to the clerk of the district court for Buffalo County in the case of Shirley D. Erpelding v. Bernard F. Erpelding, and the same be disbursed as may be ordered in said case; and that said lien attaches to the entire interest of Bernard F. Erpelding.

On August 21, 1962, the trial court rendered judgment finding the allegations of the plaintiffs' petition to be true and set forth the respective shares of the heirs-at-law in the real estate owned by their father, Lawrence P. Erpelding, deceased, at the time of his death; and that Shirley Erpelding had a lien on the interest of the plaintiff Bernard F. Erpelding and if the real estate is sold, the sale shall be made without reference to said lien, and the referees were ordered to impound and pay to the clerk of the district court the proceeds from the sale of the interest of Bernard F. Erpelding; and ordered that the clerk retain said funds until further order of the court. Judgment was entered in accordance with the findings.

On January 29, 1963, Josephine Erpelding, wife of Bernard F. Erpelding, filed an application to intervene in the partition action on the ground that she had a judgment for support money and maintenance against Bernard F. Erpelding which was a lien on all the property belonging to him; and that unless the amounts were sequestered and a receiver appointed to protect the interests of this intervener and her minor children arising out of the proposed divorce petition, said amounts would be dissipated and lost.

Josephine Erpelding was granted leave to file her petition in intervention over objections of Shirley D. Erpelding for the reason that the judgment was entered

July 2, 1962, which is a final judgment, and the petition in intervention was in effect an attempt to modify that judgment to diminish the judgment which was entered in her favor in that action. The court overruled this motion.

In the petition in intervention Josephine Erpelding alleged that she was married to Bernard F. Erpelding and has three minor children which were born of this marriage, and which are presently in her custody and control; that she brought an action in the district court for Buffalo County asking for an absolute divorce, the custody of the minor children, and for support and maintenance, including attorney's fees and costs; that the intervener has judgment for $100 a month support and maintenance, and $100 attorney's fees which are a lien on the property of Bernard F. Erpelding who has refused to make any payments adjudged against him on behalf of his first wife (Shirley Erpelding); and that unless his funds are sequestered and a receiver appointed for the same in this case such funds will be dissipated and the intervener will not be able to enforce a decree in her favor.

On January 29, 1963, hearing was had on the petition in intervention filed by Josephine Erpelding in the partition action. In support of her motion in intervention in the partition action Josephine Erpelding testified that she was married to Bernard F. Erpelding in February 1956. The evidence shows this marriage took place on February 2, 1957. She further testified that three children were born of this marriage, and there was one adopted child, all of which are minors; that she filed her divorce suit on January 7, 1963; that the petition alleged grounds for divorce and prayed for divorce, custody of the children, for an allowance of temporary alimony, suit money, and attorney's fees; and that on January 21, 1963, the trial court decreed that the defendant Bernard F. Erpelding pay into the clerk of the district court for Buffalo County $100 a month com-

mencing January 21, 1963, for the support of intervener and her minor children, that said payments should continue on the 21st day of each month thereafter until further order of the court, and that the defendant should pay, on the 21st day of January 1963, $100 for the benefit of intervener's attorneys for suit money and costs. This witness further testified that none of such sums had been paid; that there were no prospects for reconciliation; that she intended to proceed with her divorce suit; that she had been working for $10 a week at a motel; that she had been separated from her husband since December 21, 1962; and that she wanted funds due Bernard F. Erpelding applied to her judgment.

It was shown that Bernard F. Erpelding's share in the sale of the real estate in the partition action was $17,249.73.

The record shows that Shirley D. Erpelding, as plaintiff, filed an action for divorce against Bernard F. Erpelding on February 21, 1956. For convenience we will refer to Shirley D. Erpelding as Shirley and Bernard F. Erpelding as Bernard. Shirley was granted a divorce from Bernard on May 17, 1956. The six children of the parties were placed in St. Thomas Orphanage. On September 4, 1958, Shirley, in the divorce action, filed an application to modify the decree of divorce. On March 3, 1959, Bernard filed an answer to the application to modify the decree of divorce. On March 5, 1959, the court rendered judgment awarding Shirley the custody of the six minor children of the parties, with the right of Bernard to visit the children at all reasonable and proper times and to take the children to his home in the summer months, and the court reserved the matter of child support liability and made no order in reference thereto at that time. On October 30, 1959, judgment was entered awarding Shirley child support of $100 on November 15, 1959, $100 on December 15, 1959, and $125 a month until further order of the court or until said

children became self-supporting or arrived at the age of 21 years.

In March 1962, Shirley filed an application to require furnishing of security and for the appointment of a receiver, alleging that she was awarded a divorce on May 17, 1956; that the court on October 30, 1959, ordered Bernard to pay the clerk of the district court for Buffalo County, for the use and benefit of Shirley as support money for the six children of the parties, $100 on November 15, 1959, $100 on December 15, 1959, $125 on January 15, 1960, and $125 on the 15th day of each consecutive month thereafter until the further order of the court or until said children became self-supporting or arrived at the age of 21 years, and reserved the determination of liability with reference to future and accrued medical expenses of Ginger Erpelding; that Shirley had had the custody of the children since March 5, 1959; that Bernard had paid nothing to the support of the children since a date prior to May 17, 1956; that this case was the kind contemplated by section 42-323, R. R. S. 1943; and that Bernard was one of the heirs-at-law of Lawrence P. Erpelding whose estate was pending in the county court of Buffalo County, and consisted of both real and personal property. The prayer was that Bernard be required to furnish security for the payment of child support, and upon his failure to do so, a receiver be appointed to take the interest of Bernard in the estate of his father and to pay the accruing child support payments therefrom.

It appears that two of the minor children of the parties were killed in an accident.

On June 29, 1962, Bernard filed an answer and cross-petition to the above application wherein he admitted that Shirley was caring for the children and prayed that he be awarded custody of the four surviving children or, in the alternative, because of the changes of circumstances, that the child support payments be re-

duced in proportion to the number of surviving children to be supported.

Shirley filed an answer to the cross-petition of Bernard alleging that the $125 child support judgment was a compromise figure accepted by Shirley upon the assurance of Bernard that it was a figure he could and would pay, which he refused to do; and praying that the child support be increased to $250 a month.

On July 2, 1962, the matter came on for trial upon the application of Shirley praying that Bernard be required to furnish security for the payment of accruing child support installments and for the appointment of a receiver to take possession of Bernard's property in lieu of such security. It was agreed in open court by the respective parties and their attorneys that none of the child support ordered to be paid had been paid and that the interest of Bernard in the real estate inherited from his father's estate should be impounded as prayed by Shirley. The parties agreed that a partition action had been commenced wherein Bernard was a plaintiff and the other heirs-at-law were plaintiffs, which was pending, and which should be prosecuted to its conclusion and the proceeds of the interest of Bernard in and to the real estate be paid to the clerk of the district court and out of the same the accrued and accruing future child support payments should be made. The parties further agreed that Shirley should have leave to plead in the partition action; and that either party would be given leave, upon request, to reopen this case and to adduce further evidence as to the application of the proceeds of Bernard's interest in the real estate to the payment of future child support payments if the parties were unable to agree, in which event the court should have the power and jurisdiction to determine the issues in respect thereto. It was agreed that the execution sale held July 2, 1962, on a portion of the real estate be not confirmed. The same was vacated and set aside.

On January 29, 1963, the court, in a journal entry in

the partition action stated first that in the Shirley D. Erpelding case there was an application for modification of the decree of divorce with reference to child support also at that time filed and the court heard testimony. Shirley wanted to increase the amount due. Bernard desired to change the child support provisions. The court found that from that day forward, while there were four children where there were six in the previous order, the previous order should be changed to provide $31.25 for each child (each month) until said children reached the age of 18 years or were sooner emancipated. In the partition action the court found that distribution should be made of the $17,249.73 by the clerk of the district court in the following amounts: The sum of $4,825 to be paid Shirley for past-support payments; the sum of $500 should be released from the lien of all judgments and be made payable to Bernard; and the balance of said sum should be used to pay Shirley any payments due under the support order up to and including the day of distribution of the proceeds of Bernard's interest in the partition sale. Also, there should be paid out of said funds to intervener Josephine Erpelding for the support of four minor children of Josephine and Bernard under the temporary support order issued by the court, the sum of $31.25 per child that were due and payable as of the date of distribution. The court further found that a sum necessary to make the first year's payments under this order should be retained by the clerk of the district court and such payments should be made monthly as provided; and that the balance should be placed with the Guaranty Trust Company as trustee to invest in investments as provided by law for guardians to invest in. The court retained jurisdiction to make any further orders in this matter that would carry out the administrative details to put such order into effect, but stated that it should be final as to all other matters.

On January 31, 1963, Shirley filed a motion for new trial in the partition action, which was overruled.

At the hearing on the application of Shirley to modify the decree which occurred on July 2, 1962, and which is a part of the divorce case, Shirley testified that she lived at Canyonville, Oregon; that she was formerly the wife of Bernard and had custody of the children of the parties and had had since March 1959; that Richard was 13 years of age, Leonard 12, Ginger 8, and Gerald 7; that she ran a gift and flower shop; that she was not receiving and had not for some time received public assistance; that she paid $75 a month rent; that food for the children cost about $30 a week; that eggs were extra and cost about $15 a month; that utility bills varied from $25 to $30 a month; that the average cost of clothing was $25 a month; that her average medical bill for the children was about $10 a month; that at the beginning of the school year it cost approximately $200 to equip the children for the year; and that she had received no financial assistance from the father of the children at any time even though she has requested help and had asked the proper public authorities of Buffalo County to assist her in getting such support money, but had failed to obtain such assistance.

It appears from the record that Bernard has no personal property and the only manner in which he could pay child support would be from his interest in his father's estate.

Bernard testified that he was working and earning $80 a week; that when the child support order was entered in October 1959, he had had two children by his second wife, and that two other children had been born since; and that he did not pay child support because he did not have any money.

No further evidence was taken in this matter. It appears that the reason that no further evidence was taken was because the parties agreed at that time that the consent decree had been taken.

In the order entered by the court October 30, 1959, fixing the child support money to be paid Shirley at $100

a month for 2 months and $125 a month until the children became self-supporting or reached the age of 21 years, the court reserved for future determination the liability for medical expenses for one of the children upon application and notice. There was no appeal taken from this order and it became final.

It is evident that the order entered by the trial judge on January 29, 1963, was to apply to at least two different pending cases, one the divorce case of Shirley Erpelding against Bernard Erpelding, the other the partition action, which is this case. The mingling of orders in more than one case in the same journal entry, when the cases have not been properly consolidated is most confusing and is a practice that is not to be condoned. See Erpelding v. Erpelding, *ante* p. 266, 125 N. W. 2d 688.

The court granted leave to Josephine Erpelding to file a petition in intervention, and stated that the hearing held on January 29, 1963, was a continuation of the hearing which was previously held on July 2, 1962, in which testimony had already been received. Shirley's counsel stated that he would like to ask a question, and permission was granted by the court. Shirley's counsel stated that it was his impression that testimony was being taken in the partition action at that time, and the court answered that that was correct. Shirley's counsel stated that he was not aware that there was going to be any testimony taken except with reference to the propriety of the partition itself, and he wanted to be sure that they were not referring to the testimony taken in the divorce case. (Shirley D. Erpelding v. Bernard F. Erpelding.) The court stated that it believed that was correct. Shirley's counsel then made objection to the filing of the petition in intervention for the reason that the judgment entered July 2, 1962, was a final judgment, and the petition in intervention was in effect an attempt to modify that judgment to diminish the judgment that was entered in Shirley's favor

in that action. The court overruled the motion; retained jurisdiction to determine how the proceeds of the sale should be paid out and to determine what the future payments would be; and opened up the matter for the question of future payments only, not as to the lien that had ripened into a judgment. The court acknowledged that there was a lien for all unpaid support which was due then and would be due in the future. Josephine's counsel said: "Now, as I understand it, the court has made an order now permitting Josephine Erpelding, the petitioner here, to file a petition of intervention." The court replied: "That's correct."

Josephine Erpelding testified in the partition action that she was married to Bernard on February 2, 1956. However this is incorrect, as Bernard testified that it was February 2, 1957. She further testified that she had been earning about $10 a week working at a motel; and that she had been separated from Bernard since December 21, 1962.

A journal entry on Josephine's application for temporary alimony, support, maintenance, and attorney's fees, was offered in evidence, and it required Bernard to pay to the clerk of the district court $100 a month commencing January 21, 1963, for the support and maintenance of Josephine and her minor children, and to continue on the 21st day of each month thereafter until further order of the court, and required the payment of $100 attorney's fees and for suit money and costs, none of which sums had been paid.

Shirley assigns as error that the trial court erred in permitting Josephine Erpelding to intervene in the partition action; in amending a child support judgment in an entirely different case; in dissolving in part the child support judgment lien of Shirley upon the interest of Bernard in the real estate partitioned; and in requiring actual disbursement of the fund subject to Shirley's lien.

The argument in behalf of Shirley, who is the ap-

pellant herein, is to the effect that a child support judgment is a lien upon the real estate of the judgment debtor, both as to accrued and future installments, and can only be released by compliance with section 42-319, R. S. Supp., 1961, or section 42-323, R. R. S. 1943.

Section 42-319, R. S. Supp., 1961, provides in part: "(1) All judgments and orders for payment of alimony or of maintenance in actions of divorce or maintenance shall be liens upon property in like manner as in other actions; and may in the same manner be enforced and collected by executions and proceedings in aid thereof, or other action or process as other judgments. Whenever a child is committed to a parent or other person by order of the court and provision made by judgment or order for its maintenance, the parent or other person to whom the child is committed may execute a partial or total release of the judgment, either generally or upon specific property, upon obtaining approval thereof by the court that entered the judgment or order for support."

It is noted that by the above statute the parent or custodian of a child may execute a partial or total release of judgment upon obtaining approval of the court that entered the support judgment. Shirley, in this case, has not released the child support lien, nor has she asked the court for permission to do so.

Section 42-323, R. R. S. 1943, provides: "In all cases where alimony or other allowance shall be decreed for the wife or for the children, the court may require sufficient security to be given by the husband for the payment thereof, according to the terms of the decree. Upon the neglect or refusal of the husband to give such security, or upon his failure to pay such alimony or allowance, his real or personal estate may be sold as upon execution for the payment of any sums due upon such decree. In default of security for payment of installments in future to fall due, the court may also appoint a receiver to take charge of his real or personal estate,

or both, and hold the same, and the rents, issues, interests and profits thereof for security for the payment of installments in future falling due. Judgments and decrees for alimony or maintenance shall be liens upon the property of the husband, and may be enforced and collected in the same manner as other judgments of the court wherein they are rendered."

In Harrington v. Grieser, 154 Neb. 685, 48 N. W. 2d 753, the wife obtained a decree of divorce on November 1, 1945, and received the custody of two minor children. Her husband was to pay her alimony and child support according to an agreement entered into on September 20, 1945, which agreement was approved by the court. The parties owned certain real estate, and by agreement the wife gave the husband a quitclaim deed to this real estate dated November 1, 1945. The husband made application to have the decree modified so that the real estate he received under the terms of the settlement agreement of September 20, 1945, would be released from the lien of the monthly payments of alimony and child support, and alleged that it was understood that he was to get the property free of liens. By stipulation of August 7, 1946, the wife agreed to the court modifying its decree rendered November 1, 1945, so that the payments thereunder due for alimony and child support would not be a lien upon the real estate received by the husband pursuant to the settlement agreement, and the court made an order accordingly. The husband and his second wife conveyed the property to a third party on September 20, 1946. On December 1, 1949, the first wife levied an execution for the unpaid installments of alimony and child support and the subsequent purchaser of the property sought to enjoin the sheriff from selling the property on execution. This court decided that since the release of the support and child support lien was not in accordance with section 42-324, R. S. 1943, it was ineffective and the trial court had no power to enter the order releasing the property

from the alimony and child support lien. This court said: "Divorce and its incidents are matters of public concern over which the Legislature has authority. What policies to adopt concerning its regulation are for it to decide and are not for the courts.

"In this respect we have said of our power in that regard as follows: 'Jurisdiction of the court in matters relating to divorce and alimony is given by the statute, and every power exercised by the court with reference thereto must look for its source in the statute, or it does not exist.' Cizek v. Cizek, on rehearing, 69 Neb. 800, 99 N. W. 28." In conclusion this court said: "So tested we find that the court was without authority and did not have the power to enter the decree of August 8, 1946, insofar as it therein attempted to release this property from the lien for future payments of alimony and child support as ordered by the decree of November 1, 1945, and that its order doing so was void."

There are other cases cited holding that a child support judgment is a lien upon real estate of the judgment debtor in the county both as to accrued and future installments and can only be released by compliance with section 42-319, R. S. Supp., 1961, or section 42-323, R. R. S. 1943. See, McCord v. McCord, 128 Neb. 230, 258 N. W. 474; Lynch v. Rohan, 116 Neb. 820, 219 N. W. 239; Wharton v. Jackson, 107 Neb. 288, 185 N. W. 428.

The intervener, Josephine Erpelding, admits that the court cannot cut down or modify accrued child support payments. She argues that the court, under the following statutes, has the right to determine future child support payments.

The intervener cites section 42-324, R. R. S. 1943, which provides in part: "After a decree for alimony or other allowance for the wife and children, or either of them, and also after a decree for the appointment of trustees to receive and hold any property for the use of the wife or children, as before provided, the court, from time to time, on the petition of either of the parties

and hearing thereon, may revise and alter such decree respecting the amount of such alimony or allowance, or the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and if the court shall find that it is to the best interests of the minor children affected by such decree, the court may revise and alter such decree respecting the priority of the lien, upon the real property of either party, or may revise and alter any portion of the decree for such alimony and allowance which is not yet due under the terms of such decree so as to subordinate the lien of such decree to the lien of mortgage, the terms of which are approved by the court."

Section 42-312, R. R. S. 1943, provides: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

The intervener cites cases supporting the above-cited statutes, such as Wassung v. Wassung, 136 Neb. 440, 286 N. W. 340; Sechser v. Sechser, 162 Neb. 486, 76 N. W. 2d 412; and Carlson v. Carlson, 135 Neb. 569, 283 N. W. 214.

We are in accord with the intervener's contention as to the law above set forth. However, the situation in the instant case is entirely different.

As before stated, when Shirley's application came on for trial, as reflected by the court's decree of July 2, 1962, it appears that this agreement was upon good and valid consideration. Shirley consented to have her execution sale put aside, relinquished her claim to the personal assets in the Lawrence P. Erpelding estate, permitted the sale upon partition of the real estate rather than by a receiver to be appointed by the court, and acquiesced in the appointment of the referee in parti-

tion, all of which was done in good faith and upon agreement that the money would be paid into court and applied to the payment of her judgment. The agreement between Shirley and Bernard was incorporated into the decree of the court and became final. As before stated, no appeal was taken from that decree nor any proceedings of any party asking that it be modified or changed.

The record discloses that Shirley followed section 42-323, R. R. S. 1943, and obtained a judgment, upon the consent of Bernard that the proceeds of his interest in his father's estate would be applied to the child support judgment as contemplated in said statute. This occurred on July 2, 1962.

It is obvious that the fund as ordered paid by the court would be insufficient to pay Shirley the full child support payments due her during the minority of the four minor children in her custody and care. There was due for past-support money for the children to Shirley the sum of $4,825 up to January 31, 1963.

It will be noted that by the order made by the court on January 29, 1963, in the partition action, the child support to Shirley was changed materially, that out of the proceeds of the sale of the real estate Bernard was awarded $500, and Josephine, the intervener in the partition action, was awarded a monthly allowance of $31.25 for each of the four minor children out of the same fund. All of this was done over Shirley's objections which were overruled.

We conclude that the lien of Shirley on Bernard's interest in his father's estate had previously attached and was preserved by the consent decree of July 2, 1962. The district court did not have jurisdiction to carve out a portion of this fund for the benefit of someone else in disregard of Shirley's lien, and had no authority to award Bernard $500 out of this fund.

In Kanouff v. Norton, 160 Neb. 593, 71 N. W. 2d 89, this court held: "A consent decree is usually treated as an agreement between the parties. It is accorded greater

force than ordinary judgments and ordinarily will not be modified over objection of one of the parties." See, also, Clark v. Charles, 55 Neb. 202, 75 N. W. 563; McArthur v. Thompson, 140 Neb. 408, 299 N. W. 519, 139 A. L. R. 413.

Under the circumstances as appear in the instant case, the order of January 29, 1963, made by the court in the partition action, should be vacated, and the entire proceeds of Bernard's interest in the real estate be preserved for Shirley's lien, which is a first lien, without credit to any party for any sums actually disbursed.

We hold that the judgment of the trial court should be reversed and the cause remanded with directions to render judgment in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.