VIRGIL V. YELKIN, APPELLEE V. BONNIE E. YELKIN, APPELLANT, CLIFFORD E. CONNER AND LEVA R. CONNER, DEFENDANTS-APPELLANTS.
229 N. W. 2d 59

Filed May 15, 1975. No. 39774.

Dennis E. Martin of McGrath, North, Dwyer, O'Leary & Martin, for appellant.

James B. Cavanagh of McGrath, North, Dwyer, O'Leary & Martin, for defendants-appellants.

Monen, Seidler, McGill, Festersen & Koley, for appellee.

Heard before SPENCER, CLINTON, and BRODKEY, JJ., and FLORY and WHITE, District Judges.

WHITE, District Judge.

This is an appeal from a decree of the District Court dissolving the marriage of the petitioner and respondent, assigning the property of the marriage, and determining the rights of certain persons, joined in the action, to the residence of the parties. The parties to the marriage do not dispute the court's finding that the marriage was irretrievably broken. The facts of the case will be set out below.

Respondent, Bonnie E. Yelkin, and petitioner, Virgil V. Yelkin, were married on December 23, 1953, each of the parties having previously been married. Mrs. Yelkin's first marriage ended when her former husband was killed in World War II. Mr. Yelkin had been divorced at the time of his marriage to the respondent, had one

child of that first marriage, and at the time of the marriage and for some time thereafter was under an obligation and did discharge a child support and alimony obligation to his former wife.

The trial court dissolved the marriage, awarded the custody of the parties' minor child to the respondent, and ordered the petitioner to pay $150 per month child support until the daughter reached her majority on September 28, 1974. The child support payments have terminated and are not an issue in this case. The court ordered the petitioner to pay to the respondent permanent alimony at the rate of $200 per month for 36 months from October 1, 1974, and divided the property of the parties as follows: The petitioner was awarded the furniture and personal effects in his possession, the 1968 Thunderbird, a one-half interest in federal and state tax refunds for the years 1972 and 1973, and any personal checking accounts. The respondent was awarded the bulk of the household furnishings, the 1964 Ford, a one-half interest in the 1972 and 1973 federal and state income tax refunds, and her personal property in the form of personal checking accounts and personal items. The court further found that the parties, after making an allowance for an outstanding claim, each should be entitled to one-half of the proceeds of an interest in real estate which had been used as the parties' residence during the time of the marriage. Petitioner was further awarded his interest in a retirement annuity to which he had contributed during the period of his employment at the former University of Omaha, now the University of Nebraska at Omaha. The respondent has appealed, questioning the sufficiency of the alimony award, failure of the trial court to award her an interest in the pension annuity fund, and asserting that the court had no jurisdiction to make a division of the proceeds of the residence property.

After the petition had been filed, the respondent, by answer prayed for the equitable division of the property

and a dissolution of the marriage. The petitioner thereupon, on motion, requested that the appellants, Clifford E. Conner and Leva R. Conner, be joined as necessary parties to a determination of this suit. A summons was served and the appellants, Clifford E. Conner and Leva R. Conner, timely raised objection to the joinder suggesting that any issue between them and the parties was not germane to the principal subject of the action, that is the dissolution of the marriage.

The court permitted the joinder. The evidence discloses that in September 1956, the petitioner and respondent entered into a contract with William E. Conner and Leva R. Conner, whom the record shows were the parents of the respondent, Bonnie Yelkin. The contract was drawn by the appellant, Clifford E. Conner. Virgil and Bonnie Yelkin executed to William E. Conner and Leva R. Conner a note in the principal sum of $2,000, and undertook to pay a certain mortgage of $13,500, principal and interest, as well as taxes as they accrued on a residence property. The home became the residence of the parties.

William E. Conner and appellant Clifford E. Conner were partners in a real estate construction business and had built a number of homes of which the subject property was one. As a part of the same transaction, William E. Conner paid to Clifford E. Conner the sum of $2,500 as the difference in what was assumed to be the market value of the residence at the time of the contract, of $19,500. Title to the residence was retained in William E. Conner and Leva R. Conner under the terms of the agreement until such time as all the obligations under the contract were discharged.

William E. Conner died holding title to this residence in joint tenancy with his wife, Leva R. Conner. Leva R. Conner then executed a deed to herself and Clifford E. Conner, her son, as joint tenants. At the time the petition for divorce was filed, the title to the real estate was so held. Without notice to petitioner and during

the pendency of the divorce, Clifford E. Conner apparently determined that the contract was in default and sold the property to a third party. The net proceeds were $27,696.85. He claims on behalf of himself and Leva R. Conner the entire amount.

The trial court determined that the appellants, Clifford E. Conner and Leva R. Conner, had no interest in the residence property except the claim for the $2,000, plus accrued interest, which amount was awarded Leva, that no grounds for forfeiture existed, and that the proceeds should be held and divided as the court ordered in the decree.

The first assignment of error relates to the joinder of Clifford E. Conner and Leva R. Conner. It is conceded by all parties to this case that the language of the joinder statute does not cover the joinder of the Conners in an action of dissolution. However, case law suggests that where it is necessary to procure justice for third persons whose property interest may be adversely affected in a divorce action, joinder is permitted. See Kula v. Kula, 181 Neb. 531, 149 N. W. 2d 430, where E. James Kula, a son of the plaintiff and defendant, was permitted to intervene to assert an interest in real estate, the title to which was held in his parents. See, also, Harris v. Harris, 151 Neb. 191, 36 N. W. 2d 849, to the same effect. We find no error in the court's order permitting joinder.

The agreement provided in substance that the note executed was to be credited as a payment on the dwelling situated on Lot 12, Block 16, West Dodge Addition, Douglas County, Nebraska, and located at 8608 Cuming Street, Omaha. In paragraph 2 the agreement provided that the monthly payments as made by the Yelkins to Nebraska Savings and Loan Association on the first mortgage will be credited to Virgil V. Yelkin and Bonnie E. Yelkin as equity. Paragraph 3 provided that in the event of the death of William E. Conner, or William E. Conner and Leva R. Conner simultaneously, the note re-

ferred to in paragraph 1 and the amount of the equity, over and above the balance due on the mortgage, became the sole property of Bonnie E. Yelkin and or her heirs. Paragraph 4 provided that if the petitioner and respondent "fail to meet the obligation of said payments on the above note and the principal balance due Nebraska Savings and Loan Association of Omaha, Nebraska on the above described property, the equities in their favor will be in default and their interest in the above described property will be null and void." Paragraph 5 provided it is further agreed and understood that in the event of sale of the above-described property for a price exceeding $19,500, remuneration will be made on an equitable basis to William E. Conner and Leva R. Conner for their consideration in this agreement.

The evidence indicates that petitioner and respondent made the mortgage payments, paid real estate taxes, and paid the hazard insurance on the property as they became due up to March 1973. The petitioner then paid, pursuant to the court's order, temporary child support and alimony payments directly to the respondent in the amount of $300 per month and discontinued making mortgage payments. It is conceded by all parties that William E. Conner died on January 18, 1963, and that the $2,000 note referred to in the agreement was not paid and remains unpaid to this date. Without formal demand or notice to either petitioner or respondent, Clifford E. Conner listed the property for sale sometime after February 1973, and subsequently conveyed the property to a Marilyn W. Bishop. The real estate agent listed on the uniform purchase agreement, the Town and Country Investment Company, is operated by Clifford E. Conner, a Nebraska licensed real estate broker. The appellant, Clifford E. Conner, claims on behalf of himself and the other appellant, Leva R. Conner, complete right to the proceeds of the house which the evidence discloses to be in excess of $27,000. At the time of the sale, there remained unpaid on the original mort-

gage of $13,500, the sum of $2,777.34. The respondent, Bonnie E. Yelkin, claims no interest in the sale proceeds and testified that they belonged to her mother, appellant Leva R. Conner, and her brother, appellant Clifford E. Conner.

The appellants Conners' second assignment of error relates to the trial court's order determining that these appellants were not entitled to strict foreclosure and awarding to appellant Leva R. Conner, the joint payee on the original note, the $2,000 note and accrued interest, and imposing a constructive trust on the proceeds thereof over the amount of the mortgage and necessary expenses of sale, and awarding the net proceeds to the petitioner and respondent, one-half to each.

It is an elementary principal of law that equity abhors forfeitures and especially so as in this case where the value of the real estate is substantially in excess of the amount owed. Riffey v. Schulke, *ante* p. 317, 227 N. W. 2d 4. In this case the amount owed was somewhat less than $6,000 and the house sold for $32,500. We find no error in the court's determination.

Next the Conners assert that they are entitled to an equitable division of the proceeds of sale over $19,500 pursuant to paragraph 5 of the contract. The court determined that the provision was so vague and uncertain as to be unenforceable. The agreement must be construed most strictly as against the persons who drew the agreement, in this case the appellant Clifford E. Conner, acting as agent for his father, William E. Conner, and his mother, Leva R. Conner. This court is not permitted to speculate or to supply terms to the contract that the parties have not seen fit to set forth. We agree with the trial court's finding that the provision is so vague as to be unenforceable.

The next assignment of error relates to the awarding of the proceeds of a retirement income policy to the petitioner, which had a value at the time of trial of $27,000. The evidence discloses that the pension fund

has no cash surrender value and can be drawn out at a rate not to exceed a maximum of 10 percent per year after the member has retired at age 65. The evidence further discloses that petitioner is now 62 years of age and he is suffering from a progressive kidney failure associated with acute lobular glomerulonephritis. It is the opinion of his physician whose report was received in evidence without objection as follows: "Mr. Yelkin has a serious kidney condition confirmed by us and by the Mayo Clinic and requires intensive medical care with rather strong medications which can develop complications. It is my opinion that the prognosis for complete cure is very poor, and he will never have a cure and at best the condition can be controlled where he does have not too much edema or too much kidney failure which would interfere with the nutrition and produce high blood pressure, heart weakness and similar complications. . . . I am sure that his life expectancy is considerably reduced by this. . . . It is my recommendation to him that he give serious thought to retiring and there by not jeopardizing his health by his attempts to work full time as a coach."

Respondent is now 51 years of age. During the marriage she engaged in part-time work as an interior decorator. Her earnings at the highest reached the sum of $5,000 during the year 1963. The respondent's health is excellent.

The petitioner's association with the University of Nebraska at Omaha has been with the athletic department in the capacity as director of athletics, coach, and associate professor. He has no other particular occupations or skills. The petitioner was 62 years of age at the time of trial.

In determining an award of alimony, the trial court must consider the circumstances of the parties, the duration of the marriage, and the ability of the supported party to engage in gainful employment. § 42-365, R. R. S. 1943. The alimony awarded the respondent is

well within the standard established by this court and the statute.

Further assignments of error have been examined and found to be without merit. The judgment of the trial court in all respects is affirmed.

AFFIRMED.