JEROME F. SOSSO, APPELLEE, v. MARY M. SOSSO, APPELLANT.

242 N. W. 2d 621

Filed May 26, 1976. No. 40411.

Jean J. Jungers, for appellant.

William J. Lindsay and Bennett G. Hornstein, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is a divorce action. The court terminated parental rights as to two minor children of the parties after dissolving their marriage. Mary M. Sosso, mother of the children and appellant, challenges the order terminating parental rights. She asserts that parental rights to children cannot be terminated in a divorce proceeding; that proper notice of a hearing on termination was not given; that the children should have been represented by an attorney; and that the evidence does not sustain the judgment. We reverse the order terminating parental rights to the children.

The primary question is the jurisdiction of the District Court to terminate parental rights in a divorce action. "Jurisdiction of the court in matters relating to divorce and alimony is given by the statute, and every power exercised by the court with reference thereto must look for its source in the statute, or it does not exist." Detter v. Erpelding, 176 Neb. 600, 126 N. W. 2d 827. The only authority conferred on the District Court to deal with children in a divorce suit is found in section 42-364, R. S. Supp., 1974. It provides: "When dissolution of a marriage or legal separation is decreed, the court may include such orders in relation to any minor children and their maintenance as shall be justified, including placing the minor children in court custody if their welfare so requires. Custody and visitation of minor children shall be determined on the basis of their best interests. Subsequent changes may be made by the court when required after notice and hearing." A reading of the entire statute makes it obvious that the authority of the court is limited to provisions for children which will remain subject to change. No final disposition of the children such as an order terminating parental rights is contemplated.

Under the Nebraska statutes a termination of parental rights can only be decreed by a juvenile court in a pro-

ceeding brought for that purpose. See § 43-209, R. S. Supp., 1974.

In view of the foregoing, it is not necessary to consider appellant's other assignments of error. That portion of the judgment of the District Court purporting to terminate parental rights to the children of the parties is reversed and the cause is remanded for further proceedings.

It appears that in some instances District Judges have terminated parental rights in divorce cases. With that in mind, we wish to make it clear that the rule herein laid down, except as to this case, shall be prospective in nature and fully effective as of June 1, 1976.

REVERSED AND REMANDED.

SPENCER, J., participating on briefs.

SPENCER, J., dissenting.

I respectfully dissent herein. I disagree with the holding in the majority opinion that under our statute a termination of parental rights can only be decreed by a Juvenile Court in a proceeding brought for that purpose.

I feel that section 42-364, R. S. Supp., 1974, is sufficiently broad to invest the District Court with authority to terminate parental rights upon proper notice. The statute reads: "When dissolution of a marriage or legal separation is decreed, the court may include such orders in relation to any minor children and their maintenance as shall be justified, * * *."

This is stronger language than was included in the statute before it was changed in 1972. The language then was: "* * * the court may make such further decree as it shall deem just and proper concerning the care, custody, and maintenance of the minor children of the parties, and may determine with which of the parents the children or any of them shall remain." This language came into our law in 1867 (R. S. 1867, p. 130), and remained unchanged until 1972. This was long before there was a Juvenile Court Act. Over the years, the District Court under this provision has exercised the

power to terminate parental rights in divorce cases when this was found to be necessary. So far as I have been able to determine, this right has never been challenged. The challenge in this case was directed to the fact that it was done without due notice to the parties, raising a constitutional issue. The opinion of the majority, however, has, in my judgment erroneously, decided that the District Court has never had power to terminate parental rights, even with notice.

It is necessary for the District Court to have broad powers in the treatment and disposition of all matters relating to minor children, to permit the court to carry out its duties and functions in the dissolution of marriages. This has been the attitude of the court historically. Under the opinion in this case, we are depriving the District Court of the power to terminate parental rights and requiring that a new action for that purpose be filed in the Juvenile Court. After this case, I am afraid that the District Court can no longer fully protect the interests of minor children in marriage dissolutions. It will be necessary that some further action be taken in Juvenile Court. This could result in inaction and the introduction of the attitude and policies of another court, whereas the District Court would have primary jurisdiction and responsibility in the matter.

It should be borne in mind that Juvenile Courts were created in the first instance to provide for the special treatment of juveniles who were either guilty of misconduct or in need of supervision and discipline with possible institutional treatment. My reading of the Juvenile Court statute convinces me that it is still concerned with these original objectives, and that it was not intended to supplement the action of the divorce courts in marriage dissolution cases.

WHITE, C. J., and BRODKEY, J., join in this dissent.