WILLIAM E. ARNOLD, APPELLEE, V. JEANETTE ANN ARNOLD, APPELLEE,
RUSSELL E. ARNOLD ET AL., INTERVENORS-APPELLANTS.
332 N.W.2d 672

Filed April 15, 1983. No. 82-125.

Vince Kirby, for appellants.

Richard E. Mueting of Mueting, DeLay & Stoffer, for appellee Jeanette Arnold.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

This is an appeal in a proceeding for dissolution of a marriage. The trial court dissolved the marriage, awarded the custody of the minor children to the respondent wife, fixed rights of visitation, divided the property between the parties, and awarded child support to the respondent.

After a decree of dissolution had been entered, but before the property division had been made, Russell E. Arnold and Clara I. Arnold, the parents of the petitioner, filed a petition in intervention. The intervenors alleged that they had an interest in the marital property of the parties and prayed that personal property consisting of contracts, promissory notes, debts, and miscellaneous items described in the petition in intervention be set over to them. The respondent's motion to strike the petition in intervention was overruled.

The trial court ordered the respondent to return certain items of personal property to the intervenor Clara I. Arnold, and ordered that the debt of Culligan of Norfolk, Inc., in the approximate sum of $108,000 to the petitioner and respondent, be set over and paid to the intervenors in full satisfaction of any claim of the intervenors against the petitioner and respondent arising out of the purchase of Culligan of Norfolk and any other claim as alleged in the petition of intervention. The intervenors appeal. There is no other appeal or cross-appeal.

In their assignments of error the intervenors now claim that they should have had judgment against the petitioner and respondent on various notes and debts alleged to be due them.

The jurisdiction of the trial court in proceedings for the dissolution of marriage is controlled by statute. *Sosso v. Sosso,* 196 Neb. 242, 242 N.W.2d 621

(1976). The right of third parties to intervene in such proceedings is very limited. Intervention may be permitted where it is necessary to procure justice for third persons whose property interest may be adversely affected in the dissolution action. See, *Yelkin v. Yelkin,* 193 Neb. 789, 229 N.W.2d 59 (1975); *Kula v. Kula,* 181 Neb. 531, 149 N.W.2d 430 (1967).

Of course it is fundamental that an intervenor takes the action as he finds it and cannot secure relief that is foreign or extraneous to the action. An intervenor who is not an indispensable party cannot change the nature and form of the action or the issues presented therein. *State ex rel. Nelson v. Butler,* 145 Neb. 638, 17 N.W.2d 683 (1945).

The intervenors here attempted to incorporate into the dissolution proceeding a series of law actions between themselves and the petitioner and respondent which were entirely foreign to the division of the marital property between the petitioner and the respondent.

As we view the record, of which only a part has been presented to us, there was no error prejudicial to the intervenors. The judgment is therefore affirmed.

The respondent is allowed the sum of $1,500 for the services of her attorney in this court, to be taxed as costs against the intervenors.

AFFIRMED.

KRIVOSHA, C.J., dissenting.

I must respectfully dissent from the majority opinion in this case. I do so on the basis that I would overrule our previous decisions in *Kula v. Kula,* 181 Neb. 531, 149 N.W.2d 430 (1967), and *Yelkin v. Yelkin,* 193 Neb. 789, 229 N.W.2d 59 (1975). This case points out why we are in error in permitting third parties to intervene in domestic relations cases. On the one hand, the majority notes that the right of third parties to intervene in proceedings for dissolution of marriage is very limited. Yet, we give no guidelines as to the extent of those limits. There-

fore, trial judges are left in the impossible situation of attempting to guess just how far we will go. The law is uncertain enough without our adding to that uncertainty. The third parties in this case, just as in *Yelkin* and *Kula*, were at liberty to bring an independent action seeking to obtain whatever relief may be appropriate, either in law or in equity, if indeed a decision in a divorce action would have adversely affected the property in which they hold an interest. To permit them, however, to complicate what is already a complicated matter does not, in my view, serve any useful purpose. For that reason I would have used this case as an opportunity to overrule both *Kula* and *Yelkin,* and I would have reversed and dismissed the action insofar as the intervention is concerned.